UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ROBERT ANTHONY SMITH,

                Petitioner,                      Case No. 1:22-cv-162

v.                                                  Honorable Jane M. Beckering

FREDEANE ARTIS et al.,

                Respondents.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2241.[1] Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After

---

[1] Although Petitioner brings his action under 28 U.S.C. § 2241, habeas corpus actions brought by "a person in custody pursuant to the judgment of a State court" are governed by 28 U.S.C. § 2254. *Id.* Section 2254 "'allows state prisoners to collaterally attack either the imposition *or* the execution of their sentences[.]'" *Bailey v. Wainwright*, 951 F.3d 343, 348 (6th Cir. 2020) (Stranch, J., dissenting) (quoting *Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006)); *see also Rittenberry v. Morgan*, 468 F.3d 331, 336-37 (6th Cir. 2006). As a consequence, Petitioner's filing is subject to all of the requirements that apply to a petition filed under § 2254. Moreover, § 2241 petitions by state prisoners are subject to the rules governing § 2254 petitions. *See* Rule 1(b), Rules Governing § 2254 Cases.

undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state court remedies.

## Discussion

I.  **Factual allegations**

Petitioner Robert Anthony Smith is incarcerated with the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan. Petitioner is serving more than a dozen sentences—some consecutive, some concurrent—arising out of the same incident. The controlling consecutive string, however, consists of a conviction for the use of a firearm during commission of a felony, in violation of Mich. Comp. Laws § 750.227b, and first-degree home invasion, in violation of Mich. Comp. Laws § 750.110a. The consecutive sentences for those offenses will run for a minimum of 28 years, 8 months, and a maximum of 52 years. The Michigan Department of Corrections reports that Petitioner's earliest release date is March 27, 2041, and his maximum discharge date is July 27, 2064. *See* MDOC Offender Tracking Information System, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=365581 (visited Feb. 25, 2022).

On February 3, 2022, Petitioner filed his habeas corpus petition with the United States District Court for the Eastern District of Michigan. On February 22, 2022, the Eastern District of Michigan transferred the petition to this Court. The petition alleges that the risk of infection arising from the COVID-19 pandemic[2] renders Petitioner's continued imprisonment a violation of

---

[2] In *Wilson v. Williams*, 961 F.3d 829 (6th Cir. 2020), the Sixth Circuit described the COVID-19 problem as follows:

> The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and

2

Petitioner's Fifth and Fourteenth Amendment rights. (Pet'r's Br., ECF No. 1, PageID.3.) Petitioner seeks immediate but temporary release from the Earnest C. Brooks Correctional Facility until the COVID-19 pandemic is over. (*Id.*)

This is not the first COVID-19-related habeas petition that Petitioner has filed. He filed a virtually identical petition in the United States District Court for the Eastern District of Michigan on October 27, 2020; that petition was transferred to this Court on December 3, 2020. *Smith v. Jackson et al.*, No. 1:20-cv-1160 (W.D. Mich.) (Pet., ECF No. 1.)[3] The Court dismissed the petition because Petitioner had failed to exhaust his state court remedies before he filed it. *Id.*, (Op., Order, & J., ECF Nos. 7, 8, 9.)

Petitioner appealed this Court's dismissal of his petition. The Sixth Circuit denied Petitioner's request for a certificate of appealability. *Smith v. Jackson*, No. 20-2264, 2021 WL 2555478 (6th Cir. June 3, 2021). The Sixth Circuit determined that this Court "correctly concluded that Smith's pandemic-related constitutional claim was cognizable under § 2241 because he sought release from confinement and claimed that no other set of conditions would remedy the alleged violation." *Id.* at *2. The Sixth Circuit also agreed that Petitioner was required to exhaust his claims "all the way to the state's court of last resort." *Id.* (quoting *Phillips v. Court of Common Pleas*, 668 F.3d 804, 810 (2012)). The Sixth Circuit acknowledged that the exhaustion requirement might be excused if state remedies were futile, but also noted that Petitioner had "failed to explain why the

---

      immune compromise. If contracted, COVID-19 can cause severe complications or death.

*Wilson*, 961 F.3d at 833.

[3] But that was not the first time Petitioner raised the same issues. He raised them by motion in *Smith v. Jackson*, No. 4:16-cv-13475 (E.D. Mich.). The court denied the COVID-19-related request for relief as moot when it dismissed Petitioner's substantive attack on his convictions and sentences.

state courts [could not] effectively grant him the emergency relief he [sought]." *Id.* It is against that backdrop that the Court considers Petitioner's renewed effort to gain release from incarceration because of the risks posed by COVID-19.

## II.   Exhaustion of State Court Remedies

As this Court explained when it dismissed Petitioner's most recent petition, before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *O'Sullivan*, 526 U.S. at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner has not alleged that he exhausted his claims in the state courts. Instead, Petitioner suggests that he is not required to exhaust state court remedies because there are no such remedies available. (Pet'r's Br., ECF No. 1, PageID.9.) Petitioner argues that there is no "state court remedy . . . available due to the State Court's unjustifiable and inordinate delays." (*Id.*)

4

It is not at all clear that Petitioner has pursued any state court remedy for the risk of infection from the omicron variant[4]—that is the risk that animates his present request for relief. His attempt to exhaust, he reports, was a motion for writ of mandamus filed in the Wayne County Circuit Court on February 16, 2021. At that time, however, Petitioner was complaining about infection with the alpha variant—the omicron variant did not even exist. Moreover, it is not at all clear that Petitioner filed the motion. The Wayne County Circuit Court docket does not reflect a motion filed at that time. The motions filed in the months before or after February might be attempts to exhaust state court remedies, but Petitioner also appears to claim that those motions are his attempt to exhaust state court remedies for other petitions attacking the validity of his conviction and sentence rather than the conditions of his confinement.

Ultimately, however, even if Petitioner filed a motion for writ of mandamus in the Wayne County Circuit Court on February 16, 2021, that was specifically directed to the risk he faces from the omicron variant, that court's delay in resolving the motion would not warrant excusing the exhaustion requirement. In *Johnson v. Bauman*, __ F.4th __, 2022 WL 522310 (6th Cir. Feb. 22, 2022), the Sixth Circuit made clear that "delay, standing alone, has never been enough." *Id*. at *7. And the delay in *Johnson* spanned years. The court concluded that the time periods at issue were not "particularly striking when considered against the backdrops of both post-sentencing litigation, which often proceeds incrementally, and the much longer gaps we have addressed in some of our other inordinate delay cases." *Id*. "[A] gap of . . . a few years seems trivial when compared to the historical benchmarks for excusing a failure to exhaust—mob justice or the need to vindicate an

---

[4] According to the Centers for Disease Control and Prevention (CDC), the omicron variant of the COVID-19 virus, "[a]s of December 20, 2021, . . . had been detected in most states and . . . [as of February 2, 2022] continue[d] to be the dominant variant in the United States." *See* CDC, *Omicron Variant: What you need to know* (Mar. 1, 2022), https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html.

5

overriding federal interest—both of which, unlike mere delay, render a state court process entirely incapable of affording adequate relief." *Id*. Therefore, the Court rejects Petitioner's suggestion that the state court's purported delay in resolving Petitioner's motion for writ of mandamus excuses his failure to exhaust state court remedies.

Subsection (b) of § 2254 precludes the Court from granting habeas relief unless Petitioner has exhausted his claims in state court. A petitioner's failure to exhaust may be excused if "there is an absence of State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Other than Petitioner's report of "inordinate delay," he has failed to allege how the present circumstances have rendered state court remedies ineffective, and inordinate delay is not enough.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He can proceed with his motion in the Wayne County Circuit Court. Alternatively, Petitioner may seek relief, even release, by civil action in state court for unconstitutional conditions of confinement. *See Kent Cnty. Prosecutor v. Kent Cnty. Sheriff*, 409 N.W.2d 202, 208 (Mich. 1987) ("No one now doubts the authority of courts to order the release of prisoners confined under conditions violating their Eighth and Fourteenth Amendment rights."). Therefore, the Court concludes that he has at least one available state remedy.

To properly exhaust his claim, Petitioner must present his claim to each level of the state court system. *O'Sullivan*, 526 U.S. at 845; *Hafley*, 902 F.2d at 483 ("[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any

6

issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.") (citation omitted).

It appears that Petitioner has turned to this Court, either instead of, or in addition to, the state court, because his situation is urgent. Petitioner does not explain why this Court can act on his urgent claim but the state court cannot. Indeed, the state, as the sovereign holding Petitioner in custody, is best suited to make the initial determination of whether that custody is constitutional. As the Supreme Court repeatedly has recognized, the entire habeas exhaustion requirement "reflects a policy of federal-state comity"—an accommodation to our federal system—in which the state should have "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard*, 404 U.S. at 275 (internal quotations omitted); *accord, O'Sullivan*, 526 U.S. at 844.

Because Petitioner has failed to exhaust his claims, his petition is properly dismissed without prejudice. The habeas statute imposes a one-year statute of limitations on habeas claims. *See* 28 U.S.C. § 2244(d)(1). Petitioner's period of limitation commenced running when "the factual predicate of his claim . . . could have been discovered through the exercise of reasonable diligence." 28 U.S.C. §2244(d)(1)(D). Petitioner could not have discovered the risk of infection from the omicron COVID-19 variant until recently. Certainly, Petitioner could not have known of the imminent risk of such infections at his facility until the first cases were reported recently.

The limitations period is not tolled during the pendency of a federal habeas petition. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001). However, the period is tolled while an application for state post-conviction or collateral review of a claim is pending. 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S.

7

327 (2007). Therefore, to the extent Petitioner's most recent Wayne County Circuit Court motion relates to his COVID-19 claims, the statute of limitation is presently tolled.

In *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002), the Sixth Circuit considered what action the court should take if the dismissal of a petition for failure to exhaust could jeopardize the timeliness of a subsequent petition.[5] The *Palmer* court concluded that if the petitioner had more than 60 days remaining in the period of limitation—30 days to raise his unexhausted claims and 30 days after exhaustion to return to the court—no additional protection, such as a stay, was warranted. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner has far more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore, a stay of these proceedings is not warranted, and the Court will dismiss the petition for failure to exhaust available state court remedies.

### III.    Motion for temporary restraining order (ECF No. 1)

Petitioner has sought preliminary injunctive relief in the form of a temporary restraining order compelling the MDOC to immediately release him. The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits. *Southern Glazer's Distributors of Ohio L.L.C. v. Great Lake Brewing Co.*, 860 F.3d 844, 848 (6th Cir. 2017) (citing *Univ. of Tex. v.*

---

[5] The *Palmer* court considered the issue in the context of a "mixed" petition including exhausted and unexhausted claims. The *Palmer* court's explanation of when dismissal of a petition does not jeopardize the timeliness of a subsequent petition, however, is persuasive even where the petition includes only unexhausted claims.

*Camenisch*, 451 U.S. 390, 395 (1982)). Because the petition is properly dismissed, the Court will deny Petitioner's request as moot.

### IV. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court has concluded that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, for the same reasons the Court will deny a certificate of appealability, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

9

**Conclusion**

The Court will enter an order and judgment dismissing the petition for failure to exhaust state court remedies, denying Petitioner's motion for temporary restraining order (ECF No. 1), and denying a certificate of appealability.

Dated:   March 16, 2022                                /s/ Jane M. Beckering
                                                                                                         Jane M. Beckering
                                                                                                         United States District Judge